UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WARNER BROS. ENTERTAINMENT INC., a Delaware corporation; and PARAMOUNT PICTURES CORPORATION, a Delaware corporation,<br><br>        Plaintiffs,<br><br>v.<br><br>JOHN DOE,<br><br>        Defendant. | Case No.: 05-10359 JLT |

## DECLARATION OF R. CHRISTOPHER HARSHMAN IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE

I, R. Christopher Harshman, declare:

1. I am a Litigation Clerk for the Motion Picture Association of America, Inc. ("MPAA"), where I have been employed since February 2002. The MPAA is a trade association whose members include the largest motion picture studios in the United States. Among other things the MPAA does on behalf of its member companies is to investigate the unauthorized reproduction and distribution of copyrighted motion pictures. As a Litigation Clerk, I am responsible for identifying and investigating on-line piracy of motion pictures, including gathering evidence of on-line piracy to support outside counsel's enforcement efforts. I submit this declaration in support of Plaintiffs' Motion for Leave to Take Discovery Prior to Rule 26(f) Conference.

2. This declaration is based on my personal knowledge, and if called upon to do so, I would be prepared to testify as to its truth and accuracy.

3. As part of my responsibilities at the MPAA, I have been designated to confirm that the digital files downloaded from users of peer-to-peer networks are actual copies of the

Plaintiffs' motion pictures. It is possible for digital files to be mislabeled or corrupted; therefore, Plaintiffs do not rely solely on the labels and metadata attached to the files themselves to determine which motion picture is copied in the downloaded file, but also to confirm through a visual comparison between the downloaded file and the motion picture itself.

4. Plaintiffs provided me with a DVD or VHS copy of each of the motion pictures identified in the Complaint, and I have watched these motion pictures. MediaSentry identified the Doe Defendant and downloaded the motion pictures from them; I accessed the downloaded files on MediaSentry's software application which stores the files downloaded from the user. I opened the downloaded file from the of the Doe Defendant, watched it and confirmed that it contains a substantial portion of the motion picture identified in the Complaint.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 22, 2005, at Los Angeles.

R. Christopher Harshman