# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WARNER BROS. ENTERTAINMENT INC., a Delaware corporation; and PARAMOUNT PICTURES CORPORATION, a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> JOHN DOE, <br><br> Defendant. | )<br>)<br>)<br>)<br>)<br>)   Case No.:<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE

## I.    INTRODUCTION

Plaintiffs, among the world's leading motion picture studios, filed this action to stop Defendant from copying and distributing to others over the Internet unauthorized copies of copyrighted motion pictures. Using so-called "peer-to-peer" ("P2P") file "swapping" networks, Defendant's infringements allow him or her and untold others unlawfully to obtain and distribute for free copyrighted works that Plaintiffs invest millions of dollars to create and/or distribute. Plaintiffs sued the Defendant as a Doe Defendant because Defendant committed his or her infringements using on-line fictitious "screen names" or "user names," not true names. Plaintiffs seek leave of Court to serve limited discovery prior to a Rule 26(f) conference on one or more non-party Internet Service Providers ("ISPs") solely to determine the Doe Defendant's identity. The only way that Plaintiffs can determine Defendant's true name is from the ISP to which Defendant subscribes and from which Defendant obtains Internet access. This information is readily available to the ISP from documents it keeps in the regular course of business.

For the past year, federal district courts throughout the country have granted expedited discovery in Doe Defendant lawsuits that are factually similar, if not identical to, the instant lawsuit.[1] In these cited cases and others like them, motion picture studio and record company plaintiffs have obtained the identities of P2P network users from ISPs through expedited discovery using information similar to that gathered by Plaintiffs in the instant case; they have

---

[1]     Such cases include Warner Bros. Entertainment Inc. v. Does 1-7, Case No. 05 CV 0883 (S.D.N.Y.) (Cote, D.); Universal City Studios Productions LLLP v. Does 1-53, Case No. 04 CV 09000 (S.D.N.Y.) (Daniels, G.); Capitol Records, Inc. et al. v. Does 1-250, Case No. 04 CV 472 (LAK)(HPB) (S.D.N.Y.) (Kaplan, J.); New Line Productions, Inc. v. Does 1-18, Case No. 4:04-CV-01578 CAS (E.D. Mo.) (Shaw, C.); UMG Records, Inc., et al. v. John Doe 1 and John Doe 2, Case No. SA-04-CA-0357-XR (W.D. Tex.) (Rodriquez, J.); Lions Gate Films, Inc. v. Does 1-23, Case No. 04 C 7398 (N.D. Ill.) (Gottschall, J.); Arista Records, Inc. et al. v. John Doe, Case No. 4:04 CV 0036 AS (N.D. Ind.) (Sharp, J.); Arista Records, Inc. et al. v. Does 1-9, Case No. H 04-1677 (S.D. Tex.) (Harmon, J.); UMG Recordings, Inc. v. Does 1-2, Case No. 04-0960(C)-L (W.D. Wash.) (Coughenour, J.); Elektra Entertainment Group, Inc. et al. v. Does 1-5, Case No. 3: CV-04-940 (M.D. Pa.) (Caputo, J.); Loud Records, LLC et al. v. Does 1-5, Case No. CV-04-0134-RHW (E.D Wash.) (Whaley, J.); Screen Gems, Inc. v. Does 1-34, Case No. SA 04-CA-1038-OG (W.D. Tex.) (Garcia, O.); BMG Music et al. v. Does 1-9, Case No. 5:04-cv-58 (W.D. Mich.) (Miles, J.); Warner Bros. Records, Inc. et al. v. Does 1-35, Case No. 04-84 (E.D. Ky.) (Bertelsmann, J.); Sony Music Entertainment, Inc. et al. v. Does1-2, Case No. 04-1758 (DSD/JSM) (D. Minn.) (Doty, J.); London-Sire Records, Inc. et al. v. John Doe, Case No. 7:04CV00208 (W.D. Va.) (Conrad, J.); Virgin Records Am., Inc. et al. v. Does 1-3, Case No. 3-04-cv-701 (JCH) (D. Conn.) (Hall, J.); Warner Bros. Entertainment Inc. v. John Doe (68.127.160.230), Case No. C-04-5233-CRB (N.D. Cal.) (Breyer, C.); Maverick Recording Co. et al. v. Does 1-2, Case No. CA 04 149 ML (D.R.I.) (Lisi, J.); Loud Records, LLC et al. v. Does 1-4, Case No.04-C-289 (E.D. Wis.) (Randa, J.); Virgin Records Am., Inc. et al. v. John Doe, Case No. PJM 04-964 (D. Md.) (Messitte, J.); Columbia Pictures Industries, Inc. v. Does 1-14, Case No. 04-F-2368 (MJW) (D. Colo.) (Figa, P.); Warner Bros. Records, Inc. et al. v. Does 1-9, Case No. 04-71058 (E.D. Mich.) (Rosen, J.); Atlantic Recordings Co. v. Does 1-13, Case No. 1:04CV316 (E.D. Va.) (Ellis III, J.); London-Sire Records, Inc. et al. v. Does 1-4, Case No. CV04-1962 (AJWx) (C.D. Cal.) (Wistrich, M.J.); Arista Records, Inc. v. Does 1-143, Case No. 4:04 CV 93 (E.D. Tex.) (Schell, J.); Interscope Records et al. v. Does 1-7, Case No. 3-04-0240 (M.D. Tenn.) (Griffin, J.); Interscope Records et al. v. Does 1-4, Case No. 04-131 TUC-JM (D. Ariz.) (Marshall, J.); Interscope Records et al. v. Does 1-5, Case No. 1:04-cv-0542 DFH-TAB (S.D. Ind.) (Hamilton, J.); Metro-Goldwyn-Mayer Pictures Inc. v. Does 1-10, Case No. 04-2005 (JR)) (D.D.C.) (Robertson, J.); BMG Music et al. v. Does 1-203, Case No. 04-650 (E.D. Pa.) (Newcomer, J.); Universal City Studios Productions LLLP v. Does 1-8, Case No. 1:04-CV-3343-WSD (N.D. Ga.) (Duffey, W.); Paramount Pictures Corporation v. Does 1-8, Case No. 05-535 (D.N.J.) (Wolfson, F.); Disney Enterprises, Inc. v. Does 1-9, Case No. 4:05 CV 00093 (E.D. Ark.) (Moody, Jr. J.).  See Exhibit A.

used that information as the basis for their proposed subpoenas to these ISPs. Plaintiffs respectfully request that this Court follow well-established precedent, and grant this motion for leave to take expedited discovery against the identified ISP and any other ISPs that Plaintiffs later discover were the actual entities providing the Doe Defendant with online services and/or network access.

## II.    FACTUAL BACKGROUND

As alleged in the complaint, the Doe Defendant, without authorization, used an online P2P media distribution system to download Plaintiffs' copyrighted works and distribute Plaintiffs' copyrighted works to the public, including by making Plaintiffs' copyrighted works available for distribution to others. See Complaint. Because Defendant used a fictitious user name or screen name when Defendant copied and distributed Plaintiffs' copyrighted works, Plaintiffs do not know the Defendant's actual identity. See Declaration of Chad Tilbury ("Tilbury Decl."), ¶ 6. However, Plaintiffs have identified the Defendant by a unique Internet Protocol ("IP") address assigned to the Defendant by his/her ISP on the date and at the time of the Defendant's infringing activity. See Declaration of Thomas Mizzone ("Mizzone Decl."), ¶¶ 8-13. Plaintiffs also made copies of substantial portions of at least one copyrighted motion picture that the Defendant unlawfully distributed or made available for distribution through the file sharing networks, and confirmed that such file contained a motion picture whose rights under copyright law are owned by one of the Plaintiffs. Declaration of R. Christopher Harshman ("Harshman Decl."), ¶ 4. All of this information was gathered by an on-line piracy technology specialist through specific systems and procedures that were designed to ensure that the information gathered about the Doe Defendant is accurate. Tilbury Decl. ¶ 8; see generally Mizzone Decl.

3

Plaintiffs have identified the ISP that provided Internet access to the Defendant, and assigned the unique IP address to the Defendant, by using a publicly available database to trace the IP address for the Defendant. Mizzone Decl., ¶¶ 9-12. Here, the ISP is Massachusetts Institute of Technology ("MIT"). Id., ¶¶ 12-13. When given a Defendant's IP address and the date and time of the infringing activity, an ISP can identify the name and address of the Doe Defendant (i.e., the ISP's subscriber) because that information is contained in the ISP's subscriber activity log files. Id., ¶¶ 9, 13.

ISPs typically keep log files of subscriber activities for only limited periods of time -- sometimes for as little as weeks or even days -- before erasing the data. Tilbury Decl., ¶ 11; Mizzone Decl., ¶ 9. For this reason, as soon as Plaintiffs identified the infringer, Plaintiffs notified MIT of the IP address and the date and time of the infringing activity, and asked to retain the records needed to identify the subscriber who was assigned that IP address at that date and time. See Mizzone Decl., ¶ 13.

However, some ISPs lease or otherwise allocate certain of their IP addresses to other unrelated, intermediary ISPs. Id., ¶ 12. Since these lessor ISPs, as a consequence, have no direct relationship -- customer, contractual, or otherwise -- with the end-user, they are unable to identify the Doe Defendant through reference to their user logs. Id. The intermediary ISPs, though, should be able to identify the Doe Defendant by reference to their own user logs and records. Id. Accordingly, Plaintiffs seek leave to serve on MIT limited, immediate discovery sufficient to determine the Doe Defendant's true identity. To the extent that MIT, in turn, identifies a different entity as the ISP providing network access and online services to the Doe Defendant, Plaintiffs also seek leave to serve, on any such later identified ISP, limited discovery sufficient to identify the Doe Defendant prior to the Rule 26 conference.

Plaintiffs request permission to serve a Rule 45 subpoena on these ISPs seeking the Doe Defendant's true name, address, telephone number, e-mail address, and Media Access Control ("MAC") address (data available only to the ISP that identifies the specific computer used for the infringing activity). Plaintiffs will only use this information to prosecute this action. Without this information, Plaintiffs cannot pursue their lawsuit to protect their motion pictures from ongoing and repeated infringement. Tilbury Decl., ¶ 9-10.

If the Court grants this Motion, Plaintiffs will serve the subpoena on MIT requesting the identifying information within fifteen (15) business days. If MIT cannot identify the Doe Defendant, but does identify an intermediary ISP as the entity providing online services and/or network access to the Defendant, Plaintiffs will then serve a subpoena on that ISP requesting the identifying information for the Doe Defendant within fifteen (15) days. In either case, these ISPs will be able to notify their subscriber that this information is being sought, and the Defendant will have the opportunity to raise any objections before this Court prior to the return date of the subpoena. Thus, to the extent that the Defendant wishes to object, he or she will be able to do so.

## III.    ARGUMENT

Courts routinely allow discovery to identify "Doe" defendants. See, e.g., Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (error to dismiss unnamed defendants given possibility that identity could be ascertained through discovery); Valentin v. Dinkins, 121 F.3d 72, 75-76 (2d Cir. 1997) (plaintiff should have been permitted to conduct discovery to reveal identity of defendant); Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir. 1992) (error to deny plaintiff's motion to join John Doe defendant where identity of John Doe could have been determined through discovery); Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985) (error to dismiss claim merely because defendant was unnamed; "Rather than dismissing the claim, the

court should have ordered disclosure of Officer Doe's identity"); Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) ("where the identity of alleged defendants [is not] known prior to the filing of a complaint . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants"); Maclin v. Paulson, 627 F.2d 83, 87 (7th Cir. 1980) (where "party is ignorant of defendants' true identity . . . plaintiff should have been permitted to obtain their identity through limited discovery"); Equidyne Corp. v. Does 1-21, 279 F. Supp. 2d 481, 483 (D. Del. 2003) (allowing pre-Rule 26 conference discovery from ISPs to obtain identities of users anonymously posting messages on message boards). As discussed above, many district courts have granted leave to motion picture studios and record companies to serve subpoenas on ISPs to obtain the identities of Doe Defendants prior to a Rule 26 conference in copyright infringement lawsuits similar to the instant action. See Exhibit A.

Courts consider the following factors when granting motions for expedited discovery to identify anonymous Internet users: (1) whether the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) all previous steps taken by the plaintiff to identify the Doe Defendant; and (3) whether the plaintiff's suit could withstand a motion to dismiss. Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999); see also Rocker Mgmt. LLC v. John Does, No. 03-MC-33 2003 WL 22149380, *1-2, (N.D. Cal. 2003) (applying Seescandy.com standard to identify persons who posted libelous statements on Yahoo! message board; denying request for expedited discovery where the postings in question were not libelous). Plaintiffs here are able to demonstrate each one of these factors.

First, Plaintiffs have sufficiently identified the Doe Defendant through the unique IP address the Doe Defendant was assigned at the time of the unauthorized distribution of the

copyrighted film. See Seescandy.com, 185 F.R.D. at 578-80. See Complaint, Ex. A; Mizzone Decl., ¶¶ 7-13. The Defendant gained access to the Internet through his or her ISP (under cover of an IP address) only by setting up an account with the ISP. Mizzone Decl., ¶ 11. This ISP can identify the Defendant by name through the IP address by reviewing its subscriber activity logs. Id., ¶¶ 9, 13. Thus, Plaintiffs can show that the Defendant is a "real person" whose name is known to the ISP and who can be sued in federal court.

Second, Plaintiffs have specifically identified the steps taken to identify Defendant's true identity. Id., ¶¶ 7-13. Plaintiffs have obtained the Defendant's IP address and the date and time of the Defendant's infringing activities, have traced the IP address to a specific ISP, and have made copies of a sample of the motion pictures the Defendant unlawfully distributed or made available for distribution. See Complaint, Ex. A; Mizzone Decl., ¶¶ 7-13. Therefore, Plaintiffs have obtained all the information they possibly can about Defendant without discovery from the ISP.

Third, Plaintiffs have asserted a *prima facie* claim for direct copyright infringement in their Complaint that can withstand a motion to dismiss. Specifically, Plaintiffs have alleged that: (a) they own and have registered the copyrights in the works at issue and/or own the relevant exclusive distribution rights, and (b) the Doe Defendant copied or distributed those copyrighted works without Plaintiffs' authorization. See Complaint. These allegations state a claim for copyright infringement. See 17 U.S.C. § 106(1)(3); In re Aimster Copyright Litig., 334 F.3d 643, 645 (7th Cir. 2003), cert. denied, 124 S. Ct. 1069 (U.S. Jan. 12, 2004) ("Teenagers and young adults who have access to the Internet like to swap computer files containing popular music. If the music is copyrighted, such swapping, which involves making and transmitting a digital copy of the music, infringes copyright."); A & M Records, Inc. v. Napster, Inc., 239 F.3d

1004, 1014-15 (9th Cir. 2001) ("Napster users who upload file names to the search index for others to copy violate plaintiffs' distribution rights. Napster users who download files containing copyrighted music violate plaintiffs' reproduction rights.").

Courts have also allowed expedited discovery to identify Doe Defendants when "good cause" is shown. See Semitool, Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273, 275-76 (N.D. Cal. 2002); Qwest Comm. Int'l, Inc. v. WorldQuest Networks, Inc., 213 F.R.D. 418, 419 (D. Colo. 2003); Entertainment Tech. Corp. v. Walt Disney Imagineering, No. Civ. A. 03-3546, 2003 WL 22519440, at *4 (E.D. Pa. 2003) (applying a reasonableness standard; "a district court should decide a motion for expedited discovery on the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances") (quotations omitted); Yokohama Tire Corp. v. Dealers Tire Supply, Inc., 202 F.R.D. 612, 613-14 (D. Ariz. 2001) (applying a good cause standard).

Good cause exists here because ISPs typically retain user activity logs containing the information sought for only a limited period of time before erasing the data. Tilbury Decl., ¶ 11; Mizzone Decl., ¶ 9. If that information is erased, Plaintiffs will have no ability to identify the Defendant, and thus will be unable to pursue their lawsuit to protect their copyrighted works. Tilbury Decl., ¶¶ 10, 11; Mizzone Decl., ¶¶ 9, 11. Where "physical evidence may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the litigation," good cause for discovery before the Rule 26 conference exists. Qwest Comm., 213 F.R.D. at 419; see also Pod-Ners, LLC v. Northern Feed & Bean of Lucerne LLC, 204 F.R.D. 675, 676 (D. Colo. 2002) (allowing discovery prior to Rule 26 conference to inspect items in defendant's possession because items might no longer be available for inspection if discovery proceeded in the normal course).

Good cause exists here for the additional reason that a claim for copyright infringement presumes irreparable harm to the copyright owner. <u>See</u> 4 Melville B. Nimmer & David Nimmer, <u>Nimmer on Copyright</u>, § 14.06[A], at 14-03 (2003); <u>Elvis Presley Enter., Inc. v. Passport Video</u>, 349 F.3d 622, 631 (9th Cir. 2003). The first and necessary step that Plaintiffs must take to stop the infringement of their valuable copyrights is to identify the Doe Defendant who is copying and distributing their motion pictures. This lawsuit cannot proceed without the limited discovery Plaintiffs seek because the ISP is the only entity that can identify the otherwise anonymous Defendant. Courts regularly permit early discovery where such discovery will "substantially contribute to moving th[e] case forward." <u>Semitool</u>, 208 F.R.D. at 277.

Finally, Defendant has no legitimate expectation of privacy in the subscriber information Defendant provided to MIT much less in downloading and distributing copyrighted motion pictures without permission. <u>In re Verizon Internet Services, Inc.</u>, 257 F.Supp.2d 244, 267 (D.D.C. 2003), <u>cert. denied, Recording Indus. Ass'n of America, Inc. v. Verizon Internet Services, Inc.</u>, 351 F.3d 1229 (D.C. Cir. 2003) ("if an individual subscriber opens his computer to permit others, through peer-to-peer filesharing, to download materials from that computer, it is hard to understand just what privacy expectation he or she has after essentially opening the computer to the world"); <u>Guest v. Leis</u>, 255 F.3d 325, 336 (6th Cir. 2001) ("computer users do not have a legitimate expectation of privacy in their subscriber information because they have conveyed it to another person—the system operator"); <u>Sony Music Entertainment, Inc. v. Does 1–40</u>, 326 F.Supp.2d 556, 566 (S.D.N.Y. 2004) ("defendants have little expectation of privacy in downloading and distributing copyrighted songs without permission"); <u>U.S. v. Hambrick</u>, 55 F.Supp.2d 504, 508 (W.D. Va. 1999), <u>aff'd</u>, 225 F.3d 656 (4th Cir. 2000). This is because a person can have no legitimate expectation of privacy in information he or she voluntarily

communicates to third parties. See, e.g., Smith v. Maryland, 442 U.S. 735, 743-44 (1979); U.S. v. Miller, 425 U.S. 435, 442-43 (1976); Couch v. U.S., 409 U.S. 322, 335-36 (1973); Leis, 255 F.3d at 335; U.S. v. Kennedy, 81 F.Supp.2d 1103, 1110 (D. Kan. 2000); Hambrick, 55 F.Supp.2d at 508.

Although Defendant copied and distributed motion pictures without authorization using fictitious user names, Defendant's conduct was not thus anonymous. Using publicly available technology, the unique IP address assigned to each Defendant at the time of infringement can be readily identified. Mizzone Decl. ¶¶ 7-10. When Defendant entered into a service agreement with MIT or any other ISP, Defendant knowingly and voluntarily disclosed personal identification information to it. As set forth above, this identification information is linked to the Defendant's IP address at the time of infringement, and recorded in the ISP's subscriber activity logs. Since Defendant can, as a consequence, have no legitimate expectation of privacy in this information, this Court should grant Plaintiffs leave to seek expedited discovery of it. Absent such leave, Plaintiffs will be unable to protect their copyrighted motion pictures from continued infringement.

Where federal privacy statutes authorize disclosure pursuant to a court order, courts have held that a plaintiff must make no more than a showing of relevance under the traditional standards of Rule 26. See Laxalt v. McClatchy, 809 F.2d 885, 888 (D.C. Cir 1987) (court found "no basis for inferring that the statute replaces the usual discovery standards of the FRCP . . . with a different and higher standard"); accord Lynn v. Radford, No. 99-71007, 2001 WL 514360, at *3 (E.D. Mich. 2001); Gary v. United States, No. 3:97-CV-658, 1998 WL 834853, at *4 (E.D. Tenn.); see also In re Gren, 633 F.2d 825, 828 n.3 (9th Cir. 1980) ("court order" provision of Fair Credit Reporting Act requires only "good faith showing that the

consumer records sought are relevant") (internal quotation omitted).  Plaintiffs plainly have met that standard, as the identity of Defendant is essential to Plaintiffs' continued prosecution of this action.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit that the Court should grant the Motion for Leave to Take Discovery Prior to Rule 26(f) Conference and enter an Order substantially in the form of the attached proposed Order.

Respectfully submitted,

Dated: February 24, 2005

James B. Conroy (BBO # 096315)
Matthew N. Kane (BBO # 636801)
DONNELLY, CONROY & GELHAAR, LLP
One Beacon Street, 33rd Floor
Boston, MA 02108
Tel. (617) 720-2880
Fax (617) 720-3554

Jonathan Zavin (pro hac vice pending)
Alexandra N. DeNeve (pro hac vice pending)
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154-0034
Tel. (212) 407-4000
Fax (212) 407-4990

*Attorneys for Plaintiffs*

11